427 So.2d 139 (1983)
Jerry L. BROWN & Linda L. Brown
v.
BLUE CROSS & BLUE SHIELD OF MISSISSIPPI, INC., et al.
No. 53536.
Supreme Court of Mississippi.
February 23, 1983.
*140 Drake & Graben, Robert F. Drake, Hattiesburg, for appellants.
Sally McDavid, Jackson, for appellees.
En banc.

ON PETITION FOR REHEARING
The former opinion in this cause rendered on December 1, 1982, is withdrawn and this opinion substituted therefor.
Jerry L. Brown and his wife, Linda L. Brown, have appealed an order of the Circuit Court of Marion County sustaining a demurrer to their declaration against the defendant Blue Cross and Blue Shield of Mississippi, a Mississippi corporation. We reverse.
The sole issue we address on this appeal is whether the allegations of their declaration (as amended) stated a cause of action against Blue Cross. The Browns alleged Jerry was employed by Corr-Williams Tobacco Company, a Mississippi corporation, from July 1, 1974, through October 1, 1976, and again from November 10, 1977, through April 15, 1978.[1]
Corr-Williams, as employer, had in effect a group policy with Blue Cross for hospital and medical benefits, including maternity benefits, in which the Browns participated. Relying upon this coverage, the Browns planned and conceived a child in October 1975, after the waiting time required in the policy had expired. Mrs. Brown gave birth to a son July 13, 1976, in the Forrest General Hospital in Hattiesburg and was attended by a physician, resulting in medical expenses.
On February 1, 1976, Corr-Williams terminated its employee group coverage with Blue Cross without notification or consultation with the Browns. The replacement insurance carried no maternity benefits, and this cancellation precluded the Browns from obtaining adequate insurance. Had this policy with Blue Cross not been cancelled, the Browns would have been entitled to benefits thereunder. Their maternity benefits had accrued under the policy after they had waited the 270 days after being covered.
In Locomotive Engineers' Mutual Life & Accident Ins. Co. v. Meeks, 157 Miss. 97, 127 So. 699 (1930), this Court, in referring to an insurance contract, stated:
Being a business contract, this policy should be construed, like any other contract, with reference to the object, purpose, conditions, and circumstances.
(157 Miss. at 108, 127 So. at 703).
It is the position of Blue Cross on this appeal that it had the contractual right to terminate all benefits under this policy without any consideration whatever to beneficiaries such as the Browns, who had made plans in reliance thereon, and having irrevocably committed themselves to incur expenses for which they anticipated at least partial payment under the policy. It is extremely unlikely the Browns would have been interested in any insurance policy giving a company a blanket right to terminate all benefits under such circumstances. Of what value is such a policy to an insured?
In Gulf Guaranty Life Insurance Co. v. Kelley, 389 So.2d 920 (Miss. 1980), Kelley procured a credit life insurance certificate through a Lucedale bank on June 28, 1975. He suffered a heart attack on July 1, and Gulf Guaranty learned of this July 18, and cancelled the insurance certificate under its contract giving it the absolute right to cancel a certificate at any time within ninety (90) days from the date of the issue of a *141 certificate. Upon appeal, we recognized the contractual rights of the insurance carrier to cancel the policy, but held Gulf Guaranty was estopped to cancel as a matter of public policy:
Defendant argues it had the absolute right under the terms of its master policy to cancel the certificate of insurance issued to Kelley within 90 days from the date of issue. Ordinarily, this defense would be upheld; however, in this case the onset of Kelley's fatal illness occurred after the policy was in effect and continued without remission until his death. Considerations of public policy persuade us that, exercise by the insurer of its right to cancel should not be permitted after the onset of a fatal illness and death therefrom, upon the ground of estoppel. In Volume 3A of Appelman's Insurance Law and Practice, ¶ 1813, the author states:
And where the company has accepted the premium on a policy and the insured has relied on its protection, the company is estopped to cancel the policy after the insured has reached such a physical condition that he cannot obtain desirable insurance on his life in any reputable company. [Mutual Benefit Life Ins. Co. v. Robison, C.A.Iowa 1893, 54 F. 580, 598].
We hold that, on the grounds of public policy, defendant was estopped from canceling the policy after the onset of Kelley's fatal illness. In so holding, we are not unmindful of the constitutional protection of the obligation of contracts afforded by Article I Section 10 of the United States Constitution. Allowing defendant to cancel the policy after Kelley became uninsurable would be unconscionable because Kelley had then reached such a physical condition that he was unable to obtain desirable insurance in any reputable company before his death. (389 So.2d at 922).
While it is true in this case the insurance contract was a group policy made between Corr-Williams and Blue Cross, and cancelled pursuant to agreement between these two, we do not believe this relieved Blue Cross from all obligations to insureds under this policy who found themselves in the situation of the Browns. Relying upon a policy in full force and effect, the Browns conceived a child, after waiting the required time, expecting hospital and medical benefits thereunder. While Mrs. Brown was pregnant, the policy was cancelled and the Browns were, according to the allegations of the declarations, denied any opportunity to obtain insurance elsewhere. We cannot uphold such a cancellation on the grounds of public policy.[2]
We therefore reverse and remand for trial on the merits. It will be for the determination of the trial court, following a hearing on the merits, as to liability under the contract, or whether the principles enunciated herein are applicable to this case. We only decide in this opinion that the declaration stated a cause of action.
REVERSED AND REMANDED FOR TRIAL.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] Corr-Williams and its work supervisor, George Smith, were also named defendants, and following a compromise settlement reached as to them, they were dismissed as defendants. The effect that this could have, if any, on the cause of action against Blue Cross is not before us, however, and will be unaffected by our decision.
[2] See Keeton, Insurance Law Rights at Variance with Policy Provisions, 83 Harv.L.Rev. 961, 967 (1970), discussing the doctrine of "reasonable expectations" under an insurance contract and defining such in the following manner:

The objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations.
Aside from what we have stated in this opinion, liability might be predicated under Blue Cross-Blue Shield of Alabama v. Turner, 43 Ala.App. 542, 195 So.2d 807 (Ala. Ct. App. 1966), cert. denied 195 So.2d 814 (Ala. 1967), which held policy provisions covered the insured, although there had been an attempted cancellation by Blue Cross.