Ray LIGHT, Jr., and Barbara J. Light, Plaintiffs,

v.

BLUE CROSS AND BLUE SHIELD OF ALABAMA, INC., An Insurance Company Not Licensed to Do Business In the State of Mississippi, Defendants.

Civ. A. No. H84–0114(L).

United States District Court, S.D. Mississippi, Hattiesburg Division.

Aug. 20, 1985.

---

Robert F. Drake, Hattiesburg, Miss., for plaintiffs.

W. Joel Blass, Mize, Thompson & Blass, Gulfport, Miss., for defendants.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

This cause is before the court on motion by the defendant, Blue Cross and Blue Shield of Alabama, Inc. (Blue Cross), for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. Plaintiffs Ray Light, Jr. and Barbara J. Light have filed timely response in opposition to defendant's motion.

Plaintiff Ray Light, Jr. was an employee of South Central Bell in January 1982. On January 1, 1982, as part of a collective

bargaining agreement between South Central Bell and the Communications Workers of America, a comprehensive medical expense plan (Plan) became effective to cover all employees of South Central Bell. At that time, Blue Cross entered into a service contract with South Central Bell to administer benefits under this Plan. Blue Cross did not underwrite the Plan and assumed responsibility only to pay benefits and adjudicate claims in exchange for reimbursement from South Central Bell at a rate of 1.55 percent of benefits paid. Plaintiffs became plan participants as of January 1, 1982.

On June 1, 1983, plaintiff Ray Light, Jr. was laid off from his employment with South Central Bell. His wife, Barbara J. Light, was some three months pregnant at that time and had previously received medical attention for her pregnancy. Maternity benefits were included within the coverage of the Plan. When her pregnancy came to term in December 1983, the Lights presented the bill for all medical expenses incurred, approximately $2,000.00, to Blue Cross for payment under the Plan. The claim was denied by Blue Cross on the ground that Mr. Light's coverage under the Plan had terminated as of July 1, 1983, or approximately on the last day of the month in which his employment with South Central Bell was terminated, as provided for in the Plan.

Plaintiffs brought this suit against Blue Cross alleging tortious or bad faith refusal to pay claims, intentional infliction of severe emotional distress, negligent infliction of emotional distress, breach of fiduciary duties and deceit. For each individual tort alleged, plaintiffs seek $200,000 in compensatory damages and $1,000,000 in punitive damages. Each cause of action, with the possible exception of breach of fiduciary duties,[1] arises under the substantive law of Mississippi.

### A) Coverage

By the express provisions of the Plan, benefits and coverage cease on the last day of the month in which the employee's employment with South Central Bell terminates.[2] The Plan further provides that only in the case where the employee is hospitalized at the time the coverage terminates will the benefits be extended past the last day of the month of his termination. Furthermore, under the Plan and the Summary Plan Description (Summary), an employee who is terminated is provided with options to ensure continued medical coverage. The employee may either extend coverage for himself and his dependents for a period of not more than 90 days by paying all of the premium due or convert his coverage to non-group, individual coverage upon termination.[3] It is undisputed that plaintiff failed to exercise either of these options to continue coverage.

Plaintiffs have wholly failed to allege facts sufficient to imply a waiver by defendant to assert the express terms of the contract as a defense to the contractual and extra-contractual claims. Nor have the plaintiffs pled facts or law upon which this

---

1. Plaintiffs' complaint does not address the applicability to their cause of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1003. In their response to defendant's motion for summary judgment, plaintiffs do not request the remedy provided in ERISA for breach of fiduciary duties set out in 29 U.S.C. § 1132. Rather, they contend that their state law remedy for breach of fiduciary duties is not limited by ERISA, a position this court finds to be incorrect. See *Dependahl v. Falstaff Brewing Corp.*, 653 F.2d 1208 (8th Cir.1981) *cert. denied*, 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981).

2. Paragraph F(1)(b) of the Plan and the Summary Plan Description (Summary) provides that coverage under the Plan shall cease on the last day of the month in which an employee's employment with the company is terminated. Page 23 of the Summary states "Coverage, of course, *stops* if you leave the company before retirement. It also terminates on the last day of the month in which your employment ends." (emphasis original). Paragraph F(4) of the Medical Expense Plan states: "No benefits will be paid by this Plan for any expenses incurred or treatment received after cessation of insurance as provided in paragraphs 1 or 2 of this section, except that in the event of hospital confinement at that time, ..."

3. Paragraphs F and G of the Plan; pages 24–25 of the Summary.

court could arguably rely in finding that the defendant is estopped from asserting the express terms of the contract as a defense. Plaintiffs claim that they detrimentally relied upon continued coverage under the Plan when they decided to start their family. Although sympathetic with their plight, this court concludes that if there were detrimental reliance in this case, it was Ray Light, Jr.'s reliance on his continued employment with South Central Bell and not on any representations or actions of Blue Cross, whose coverage agreement remained intact throughout the times at issue here.[4]

 Given the briefs, exhibits and affidavits submitted in this cause, this court finds that there are no genuine issues of material fact relative to the claim of coverage and that defendant is thus entitled to judgment as a matter of law on the issue of coverage alone. The effect of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, also provides a basis for granting summary judgment.

### B) *Preemption of State Law*

 The Plan at issue here falls within the definition of an "employee welfare benefit plan" regulated by ERISA. ERISA establishes general criteria for determining which plans administered by employers for the benefit of employees are within its exclusive purview:

> The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program which was ... established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or otherwise, (A) *medical, surgical, or hospital care or benefits, or benefits in the event of sickness,*

> *accident, disability, death or unemployment* ... 29 U.S.C. § 1002(1) (emphasis added).

In *Donovan v. Dillingham,* 688 F.2d 1367, 1373 (11th Cir.1982), the Eleventh Circuit stated that to be an employee welfare benefit plan,

> [T]he intended benefits must be health, accident, death, disability ...; the intended beneficiaries must include union members, employees, former employees or their beneficiaries; and an employer or employee organization, or both, and not individual employees or entrepreneurial businesses, must establish or maintain the plan, fund, or program.

Thus, it is clear that South Central Bell's Plan is subject to the federal statutory guidelines set out in ERISA. It is likewise clear that the remedial scheme provided in the statute for aggrieved claimants, 29 U.S.C. §§ 1109, 1131, 1132, 1140 and 1141, is the exclusive remedy available to such claimants.

ERISA was promulgated by Congress in recognition of "the increasing growth, scope and complexity of private employee benefit plans throughout the United States and the inadequacy of the existing standards governing these plans." *Russell v. Massachussetts Mutual Life Ins. Co.,* 722 F.2d 482, 487 (9th Cir.1983). It reflects Congress' determination that a comprehensive legislative scheme was necessary to provide uniform and equitable administration of such plans to remedy previous problems. To this end, the act includes a provision preempting state law in the enforcement and regulation of employee welfare benefit plans. 29 U.S.C. § 1144 provides in pertinent part:

> (a) Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State

---

**4.** In their response to defendant's motion for summary judgment, plaintiffs rely on the statements of public policy by the Mississippi Supreme Court in *Brown v. Blue Cross & Blue Shield of Miss.,* 427 So.2d 139 (Miss.1983), which is distinguishable from the case before

this court. In *Brown,* the employer's group policy was cancelled by agreement between the employer and the insurer, rather than by termination of employment, and the employee was unable to secure other insurance. *Id.* at 141.

laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title....[5]

Preemption is not limited to state statutes governing employee welfare benefit plans but has also been consistently construed to apply to state common law, including tort and extra-contractual damage actions and awards of punitive damages under state law. *Russell v. Massachusetts Mutual Life Ins. Co.*, 722 F.2d 482, 487 (9th Cir.1983); *Dependahl v. Falstaff Brewing Corp.*, 653 F.2d 1208, 1216 (8th Cir.1981).

Plaintiffs have failed to invoke the remedies provided in ERISA in either their complaint or in their response to defendant's motion for summary judgment, as they have continued to rely on state law causes of action. This court is of the opinion that plaintiffs' state law causes of action relating to the denial of coverage by defendant are preempted by ERISA. Therefore, defendant is entitled to judgment as a matter of law on preemption grounds as well as on the question of coverage.

■ Summary judgment would also be appropriate on all of plaintiffs' claims had they properly invoked ERISA remedies. With regard to the emotional distress causes of action alleged in plaintiffs' complaint, ERISA "confers no right to sue for mental suffering caused by a violation of the terms of [an employee benefit] plan." *Bittner v. Sudoff & Rudoy Inc.*, 728 F.2d 820, 825 (7th Cir.1984). *See also Hurn v. Retirement Fund Trust*, 424 F.Supp. 80, 82 (C.D.Cal.1976). On the question of recovery of extra-contractual damages by a beneficiary of an employee benefit plan for tortious or bad faith refusal to pay claims—and peripherally the question of punitive damages—the United States Supreme Court has recently held that ERISA

contains no express authority for an award of such damages. *Massachusetts Mutual Life Ins. Co. v. Russell,* —— U.S. ——, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). Using the four-factor analysis of *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975), for implying a private right of action from a federal statute, the Court held that the legislative intent was to limit a plaintiff's remedies to "[t]he six carefully integrated civil enforcement provisions found in [29 U.S.C. §§ 1132(a) and 1133]." *Id.,* —— U.S. at ——, 105 S.Ct. at 3093. Plaintiffs' state law cause of action for deceit has no counterpart in ERISA and is clearly not available as a remedy. Thus, because plaintiffs have failed to invoke the ERISA remedies properly, and indeed have stated causes of action which would not be cognizable under ERISA, summary judgment is proper.

■ The facts supporting plaintiffs' claim of breach of fiduciary duties are very generally averred, and no statutory or case authority is cited in the pleadings supporting their claim of entitlement to compensatory and punitive damages. ERISA does, however, specifically grant a cause of action and impose liability for breach of fiduciary duty. 29 U.S.C. § 1109 states:

(a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach ..., and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

While it is plain from a reading of the statute that Blue Cross was a fiduciary with respect to the Plan, plaintiffs have failed to plead any set of facts which could

---

**5.** The preemption provisions have limited exceptions that are inapplicable to the instant case. 29 U.S.C. § 1144(b)(2)(A) provides that ERISA does not exempt "any person from any law of any State which regulates insurance, banking or securities." § 1144(b)(4) preserves state regulation of "generally applicable criminal law[s] of

a state." Lastly, where state law is coextensive with federal laws and provides a means of enforcing federal law, there is no preemption (e.g. discrimination laws); see *Shaw v. Delta Airlines,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).

arguably be interpreted as establishing a breach of the duties that attach to fiduciaries under ERISA. Furthermore, the statutory remedies to which plaintiffs are limited, (*see Massachusetts Mutual Life Ins. Co. v. Russell,* — U.S. ——, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), do not include payment to a *beneficiary* of compensatory or punitive damages. The statutory remedies include only removal of the fiduciary or restitution to the *plan.* Even if plaintiffs had properly asserted their cause of action for breach of fiduciary duties under ERISA, the substantial compensatory and punitive damages plaintiffs seek would not be available, and defendants are entitled to judgment as a matter of law on this issue as well.

Accordingly, there being no genuine issues of material fact to be found or fairly inferred which support plaintiffs' claims, it is the opinion of this court that the motion of defendant for summary judgment should be granted. A separate judgment shall be submitted in accordance with the local rules.