Robert W. FELTS, Appellant,

v.

GRAPHIC ARTS EMPLOYEE BENEFIT TRUST, and Employee Welfare Benefit Plan Administration, Inc., Appellees.

No. 01-83-0851-CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 1, 1984.

Rehearing Denied Nov. 30, 1984.

Andrew Caplan, Barnhart, Mallia, Cochran & Luther, Houston, for appellant.

Constance K. Acosta, Williams, Birnberg & Andersen, Houston, for appellees.

Before EVANS, C.J., and JACK SMITH and DUGGAN, JJ.

## OPINION

EVANS, Chief Justice.

The plaintiff, Robert W. Felts, brought this suit against the defendants, Graphic Arts Employee Benefit Trust (the "Trust") and its administrator, Employee Welfare Benefit Plan Administration, Inc. (the "Administrator"), to recover the cost of oral surgery and related medical expenses allegedly due under an employee benefit plan, and asserting unfair and deceptive practices in violation of the Texas Insurance Code and the Texas Deceptive Trade Practices Act.

In response to special issues, the jury found, insofar as pertinent here:

(1) That the defendants breached a health insurance contract with the plaintiff by failing to pay benefits to him as described in the terms and provisions of such contract;

(2) That $200 would fairly and reasonably compensate the plaintiff for the defendants' failure to pay such benefits;

(3–4) That the defendants did not misrepresent the terms or benefits of the insurance contract to the plaintiff;

(5) That the plaintiff suffered actual damages in the amount of $1157;

(6) That the plaintiff's reasonable attorney's fees were for trial, $10,000, for appeal $5,000;

(7–8) That the defendants were not "in the business of insurance;"

(9) That the expenses incurred by the plaintiff were excluded from the plan as dental work or treatment;

(10) That the Trust is an employee welfare benefit plan created under the authorization of the Employee Retirement Income Security Act of 1974. (ERISA).

On the basis of the jury's verdict, the trial court entered judgment for the defendants.

In four points of error, the plaintiff contends that the trial court erred in entering the take-nothing judgment against him, because (1) the issues unequivocably entitle him to judgment; (2) the defendants failed to present a motion for judgment notwithstanding the verdict; (3) there was no evidence or, in the alternative, insufficient evidence to support the jury's answer to Special Issue Number 9; and (4) the jury answers to Special Issue Numbers 1 and 9 are in fatal conflict.

The plaintiff's oral surgery was performed in July 1977, and he subsequently made a claim for such expenses to the defendant, a self-funded multiple employer trust established to provide health care benefits to its members. Although the benefit plan's coverage specifically excluded dental treatments, the plaintiff claimed that part of the surgery was for medical rather than dental problems. The Trust denied the plaintiff's claim, and its decision was upheld after two administrative appeals. This litigation ensued.

It has been the defendant's position throughout the proceedings that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. sec. 1001–1381 (1976), preempted all state law claims relating to employee welfare benefit plans such as their own, and that the plaintiff neither alleged nor proved a cause of action under ERISA. Although the plaintiff largely ignored this argument during trial, and in his brief does not assert a claim based on ERISA, he contends on oral argument that his pleading is broad enough to support a recovery under ERISA.

■ ERISA was enacted in 1974 as a comprehensive federal scheme to regulate private employee benefit plans. A claim for relief governed by ERISA does not constitute an alternative ground for recovery, for if ERISA applies, it completely displaces other applicable state laws. *Hayden v. Texas-U.S. Chemical Co.*, 681 F.2d 1053 (5th Cir.1982). The statute itself provides that ERISA supersedes all state laws relating to employee benefit plans that are not specifically exempt. 29 U.S.C. sec. 1144 (1976).

■ The term "employee welfare benefit plan" is defined in ERISA as any plan or program established by an employer or employee organization for the purpose of providing benefits, (*e.g.* medical, surgical, or hospital care) for its participants. 29 U.S.C. sec. 1002(1)(A) (1976). ERISA applies to all such employee welfare benefit plans, with a few narrowly defined exceptions that are inapplicable here. 29 U.S.C. sec. 1003(b) (1976). The employee benefit plan involved in this suit meets ERISA's definitions, and it does not qualify under any exception to the statute. There was also testimony that the Trust itself was specifically formed pursuant to ERISA.

We conclude that the trial court properly determined the plan to be governed by ERISA provisions and that the plaintiff's right of action is governed by the provisions of that statute.

ERISA does provide that a civil action may be brought in a state or federal court by a participant or beneficiary to recover benefits due to him or to enforce or clarify his rights under the terms of his plan. 29 U.S.C. sec. 1132 (1976). We assume, with-

out deciding, that the allegations of the plaintiff's petition in the case at bar are sufficiently broad to support a cause of action under ERISA.

However, even based on this assumption, we must hold that the trial court properly denied the plaintiff's claim for recovery. The standard of appellate review under ERISA requires that the trustee's determination of eligibility for benefits be upheld unless such determination is "arbitrary and capricious." *Dennard v. Richards Group, Inc.,* 681 F.2d 306 (5th Cir. 1982); *Paris v. Profit Sharing Plan, Etc.* 637 F.2d 357 (5th Cir.1981), *cert. denied,* 454 U.S. 836, 102 S.Ct. 140, 70 L.Ed.2d 117 (1981). The plaintiff did not meet his burden of proof under this standard, as there is no evidence or finding that the trustee's determination of his ineligibility was arbitrary and capricious. The trial court, therefore, properly entered a judgment for the defendants on their motion for judgment, and we overrule the first two points of error.

We also overrule the third and fourth points of error. By statutory definition, an employee welfare benefit plan under ERISA does *not* place the trust or the administrator of such plan in the business of insurance for the purpose of applying state law. 29 U.S.C. sec. 1144(b)(2)(B) (1976). Thus, the jury's answer to Special Issue No. 1, that the defendants breached an insurance contract, was immaterial to any ultimate issue in the case, and the trial court properly disregarded the jury's finding to that issue in rendering judgment for the defendants. *Gage v. Langford,* 582 S.W.2d 203 (Tex.Civ.App.—Eastland 1979, writ ref'd n.r.e.).

We also overrule the defendants' cross-points, contending that the plaintiff's suit was groundless and brought in bad faith under the Texas Deceptive Trade Practices Act and The Texas Insurance Code.

The judgment of the trial court is affirmed.