Ray LIGHT, Jr. and Barbara J. Light,
Plaintiffs-Appellants,

v.

BLUE CROSS AND BLUE SHIELD OF
ALABAMA, INC., Defendant-Appellee.

No. 85–4675.

United States Court of Appeals,
Fifth Circuit.

June 4, 1986.

As Corrected June 4, 1986.

Robert F. Drake, Hattiesburg, Miss., for
plaintiffs-appellants.

W. Joel Blass, Mize, Thompson & Blass,
Gulfport, Miss., for defendant-appellee.

Before GEE, POLITZ and GARWOOD,
Circuit Judges.

GEE, Circuit Judge:

Ray Light, Jr. and Barbara J. Light, his
wife, appeal from a district court order
granting defendant Blue Cross and Blue
Shield of Alabama, Inc.'s ("Blue Cross")
motion for summary judgment and dismissing
their action. (616 F.Supp. 558 (D.C.
Miss.1985). We affirm.

I.

Pursuant to a collective bargaining
agreement between Ray Light's union and
South Central Bell, his employer, Ray and
Barbara Light received coverage under a
comprehensive medical expense plan, effective
January 1, 1982. Under the terms of a
separate agreement between South Central
Bell and Blue Cross, the latter was responsible
for adjudicating all claims and paying
all benefits provided for in the employee
medical plan. Blue Cross did not underwrite
South Central Bell's medical plan:
South Central Bell self-insured the plan.

On June 1, 1983, South Central Bell laid
Ray Light off. At the time, Barbara Light
was pregnant. In January 1984, the Lights
filed medical claims with Blue Cross pertaining
to Mrs. Light's pregnancy. These
claims totaled $2,004.47. Blue Cross denied
payment on the ground that the
Lights' maternity benefits terminated, according
to the provisions of their medical
plan agreement, on the last day of the last
month of his employment—midnight on
June 30, 1983.

The Lights filed this action in May 1984.
They alleged that Blue Cross was liable to
them under one or more of the following
theories: bad faith refusal to pay claims,
intentional infliction of severe emotional
distress, negligent infliction of severe emo-

tional distress, breach of fiduciary duties, and deceit. The Lights sought actual damages of $202,004.47 and punitive damages of $1 million.

On defendant Blue Cross' motion for summary judgment, the district court concluded that the Lights no longer had medical coverage under the South Central Bell plan when they filed for the maternity benefits. The court further determined that, even if the Lights were covered, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, preempted all state law which could apply to Blue Cross as the claims administrator for the plan. Based on these holdings, the district court granted Blue Cross' motion for summary judgment, dismissing the Lights' action in its entirety.

The Lights initially presented three issues for our review on this appeal. They complained that the district court erred in holding as a matter of law that they were not entitled to coverage and erred in granting summary judgment on that ground since there was a disputed issue of material fact.[1] The Lights further argued that the district court erred in holding that ERISA pre-empts their state law claims. In their reply brief, the Lights concede that the medical expense plan is an employee benefit plan under ERISA, that the plan is self-insured, and that it is not subject to state law regulating the plan's content. With these concessions, the Lights refine the pre-emption issue to whether ERISA pre-empts their state law claims against the administrator of a self-insured employee benefit plan. Because we conclude that ERISA does pre-empt their claims, we limit our analysis to this issue.[2]

## II.

The Lights offer two basic arguments on why ERISA does not apply to the plan administrator for a self-insured plan. The first argument depends on a plan provision that "[t]he contracts [between South Central Bell and the plan administrator] necessarily will conform to applicable state laws." Record at 147. The Lights maintain that since the plan adopts state law, the administrator is obliged to comply with that law. This argument lacks substance. If ERISA pre-empts state law, there is no applicable state law to which the administrator must conform.

The Lights' second argument is that 29 U.S.C. § 1144, the preemption section, does not apply to plan administrators for self-insured plans. In relevant part, § 1144(a) provides that "the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." The Lights argue that their action is against a plan administrator, it does not "relate to an employee benefit plan." The Lights claim support for their position from *Mass. Mut. Life Ins. Co. v. Russell*, —— U.S. ——, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), and from § 1144(b)(2)(B), which does not expressly include plan administrators among the entities exempted from certain regulations.[3]

---

1. The fact issue that the Lights point to is whether they relied on their medical coverage in deciding to have a child. Lights Brief at 19–20.

2. The Lights raise for the first time in their reply brief an additional issue. They argue that, if ERISA does pre-empt their state law claims against Blue Cross, the district court erred in dismissing their action. According to the Lights, the district court was obliged to allow them to amend their complaint to state an action under ERISA. Reply Brief at 5 (citing *Sherman v. Hallbauer*, 455 F.2d 1236 (5th Cir. 1972); *Fulmer v. United States*, 83 F.Supp. 137 (D.Ala.1949)). The Lights waived review on this issue by failing to raise it in their original brief

on appeal. Fed.R.App.P. 28; *Knighten v. Commissioner*, 702 F.2d 59, 60 n. 1 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 249, 78 L.Ed.2d 37 (1983).

3. 29 U.S.C. § 1144(b)(2)(B) provides that

    [n]either an employee benefit plan described in section 1003(a) of this title, which is not exempt under section 1003(b) of this title (other than a plan established primarily for the purpose of providing death benefits), nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance

We find no merit in the Light's argument that 29 U.S.C. § 1144(a) does not pre-empt their state law causes of action against Blue Cross. For purposes of that section, a state's law includes its decisional law. 29 U.S.C. § 1144(c)(1). The Supreme Court has held that a state law "relates to" an employee benefit plan under § 1144(a) "if it has a connection with or reference to such a plan." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Absent ERISA, the state common law on which the Lights rely would provide causes of action for the improper handling of claims under benefit plans. There is, therefore, "a direct connection between the state laws and the employment benefit plan." *Russell v. Mass. Mut. Life Ins. Co.*, 722 F.2d 482, 487 (9th Cir. 1983), *rev'd on other grounds*, —— U.S. ——, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). The Supreme Court's discussion in *Russell* is not to the contrary; indeed, this issue was expressly reserved —— U.S. at —— n. 4, 105 S.Ct. at 3088 n. 4, 87 L.Ed.2d at 101 n. 4. Nor do we attach any significance to the absence of an express reference to a plan administrator in 29 U.S.C. § 1144(b)(2)(B).

### III.

Having concluded that ERISA pre-empts the Lights' state law causes of actions against Blue Cross, we AFFIRM the district court order dismissing their action. Because pre-emption provides a sufficient basis for our decision today, we VACATE the district court's findings and conclusions on the Lights' entitlement to medical coverage.

or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies.

The Lights' concession that the plan is self-insured renders their reliance on *Dedeaux v. Pilot Life Ins. Co.*, 770 F.2d 1311, 1312 n. 2 (5th Cir.1985), and *Eversole v. Metropolitan Life Ins.*

*Co., Inc.*, 500 F.Supp. 1162, 1163 (C.D.Cal.1980), misplaced. The plans in those cases were not self-insured. The Supreme Court has determined that this fact is critical for purposes of § 1144(a). *Metropolitan Life Ins. Co. v. Mass.*, —— U.S. ——, 105 S.Ct. 2380, 2393, 85 L.Ed.2d 728 (1985).