**Harold SAMS, Appellant,**

v.

**N.L. INDUSTRIES, INC., Appellee.**

**No. 01–86–0786–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 14, 1987.

Rehearing Denied July 16, 1987.

John P. Mustachio, Houston, for appellant.

Stephen W. Smith, Fulbright & Jaworski, Houston, for appellee.

Before WARREN, COHEN and HOYT, JJ.

HOYT, Justice.

This is an appeal from a summary judgment entered against appellant in a breach of contract case.

On September 18, 1979, the appellant while an employee of appellee, sustained an injury that was not work related. Appellee provided a benefit plan for its employees that included sick pay, intermediate and long term disability benefits, that covered appellant. On October 19, 1979, appellee terminated appellant's employment because he allegedly had an excessive number of absences dating back one year prior to his injury.

Appellant then filed suit alleging that appellee breached his employment contract by terminating him and by "willful, refusal to pay monies owed to [appellant] for sick leave, severance pay, and disability." Appellant also alleged that appellee's retention of amounts allegedly due to him constituted intentional conversion and that he had been wrongfully discharged from his employment. Appellee filed an original answer followed by a motion for summary judgment. Appellee's sole ground for summary judgment was that appellant's allegations in his original petition constituted state law claims that are preempted by the federal Employer Retirement Income Security Act of 1974, ("ERISA") 29 U.S.C. § 1001–1461 (1982). The motion was heard on June 9, 1986.

Prior to the summary judgment hearing, appellant filed a supplemental petition alleging alternatively an ERISA claim for the benefits and a response to the motion for summary judgment that contended that a fact issue existed concerning nonpayment of benefits by appellee. The Court heard the motion for summary judgment on June 9, 1986, and took the case under advisement. On June 13, 1986, appellee filed a reply to appellant's response to appellee's motion asserting first, that the allegations in appellant's supplemental petition were not sufficient to state a cause of action under ERISA, and second, that even if the court found that appellant's pleadings stated a cause of action under ERISA, it was barred by limitations. Appellant filed no response to appellee's reply, and the court entered judgment on July 3, 1986.

In its judgment, the court stated as grounds that: (a) appellant's state law claims are preempted by ERISA; (b) the supplemental petition's allegations were insufficient to state a cause of action under ERISA;[1] and (c) any ERISA cause of action alleged in the supplemental petition was barred by limitations.

On July 22, 1986, appellant filed a motion for new trial contending that the court erred in considering appellee's new grounds for summary judgment because they were not presented in appellee's motion for summary judgment. The court denied appellant's motion for new trial.

Appellant contends in his first point, that the trial court's consideration of the additional grounds for summary judgment presented in appellee's reply was error. Specifically, he contends that he did not receive the 21–day notice mandated by Tex. R.Civ.P. 166–A(c). We agree.

Rule 166–A(c) provides that:

[a] motion for summary judgment shall state the specific grounds therefor. Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing.

The record does not reflect and the appellee does not assert that a hearing or submission date was set on the additional summary judgment grounds asserted in appellee's reply.

It has been held that summary judgment is a harsh remedy; therefore, the notice requirements of Rule 166–A must be strictly construed. *Williams v. City of Angleton*, 724 S.W.2d 414, 417 (Tex.App.—Houston [1st Dist.] 1987, writ pending); *Int'l Ins. Co. v. Herman G. West, Inc.*, 649 S.W.2d 824, 825 (Tex.App.—Fort Worth 1983, no writ); *Taylor v. Fred Clark Felt*

---

**1.** We note that if the allegations failed to state an ERISA claim, the proper remedy was by special exception prior to dismissal. Tex.R. Civ.P. 91.

**488**

*Co.,* 567 S.W.2d 863 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.).

Appellee filed what is essentially a new motion for summary judgment by including two additional grounds in its reply not contained in its motion. These grounds were completely distinct from the preemption ground asserted in its original motion. Appellant properly relied upon the provisions of Rule 166–A(c) to conclude that a hearing was required on the additional grounds, and that he was entitled to the mandatory 21–day notice period prior to the hearing.

■■■ We hold that appellant was deprived of the notice and hearing requirements of rule 166–A(c), and that the trial court erred in entering summary judgment based upon the two additional grounds contained in appellee's reply to appellant's supplemental petition.

Appellant's first point of error is sustained.

Appellant contends, in his second point of error, that the trial court erred in granting the summary judgment on the grounds that ERISA preempted state court jurisdiction of the adjudication of ERISA benefit cases. This contention is misplaced.

The court never considered the issue of whether it was without jurisdiction to adjudicate ERISA benefits cases. Instead, it considered whether state common law claims attempting to recover employee benefits covered by ERISA were preempted in favor of the remedies provided by ERISA.

ERISA is a pervasive regulatory scheme for "employee benefit plans." There are three general types of "employee benefit plans" regulated by ERISA: (1) an employee welfare benefit plan; (2) employee pension benefit plans; and (3) plans that are both an employee welfare benefit plan and an employee pension plan. 29 U.S.C. § 1002(3). An "employee pension benefit plan" provides retirement or deferred income to employees and is not related to appellant's suit. 29 U.S.C. § 1002(2)(A), (B). An "employee welfare benefit plan" is defined as

any plan, fund, or program which was heretofore or is hereafter established or

maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

29 U.S.C. § 1002(1).

The sick and disability pay benefits claimed by appellant are provided by an "employee welfare benefit plan" as defined in ERISA. 29 U.S.C. § 186(c) of the title describes "pooled vacation, holiday, severance or similar benefits," and thereby brings such benefits within the meaning of "employee welfare benefit plans." *Holland v. Burlington Industries, Inc.,* 772 F.2d 1140 (4th Cir.1985). Thus, each type of benefit claimed by the appellant is regulated by ERISA.

State courts and the district courts of the United States have concurrent jurisdiction of actions asserted by a participant or beneficiary to recover benefits due him under the terms of an employee welfare benefit plan. 29 U.S.C. §§ 1132(e)(1), (a)(1)(B). Although ERISA provides for concurrent state court jurisdiction, it expressly preempts the application of state common and statutory laws. 29 U.S.C. §§ 1144(a), (c)(1). It is well established that claims for ERISA benefits and attorney's fees, asserted in the form of contract and tort causes of action based upon state statutory and common law, have been preempted and prohibited in favor of the development of federal common law. *Holland,* 772 F.2d at 1140 (causes of action based upon state statutory severance pay claims and common law breach of contract and estoppel claim preempted); *Winterrowd v. David*

*Freeman & Co.,* 724 F.2d 823, 826 (9th Cir.1984) (a claim for punitive damages preempted); *Russell v. Massachusetts Mut. Life Ins. Co.,* 722 F.2d 482, 493 (9th Cir.1983), *rev'd on other grounds,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) (state common law causes of action for negligence and intentional infliction of emotional distress preempted); *Dependahl v. Falstaff Brewing Corp.,* 653 F.2d 1208, 1215–16 (8th Cir.1981), *cert. denied,* 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981). (cause of action for tortious interference with contract preempted); *District 65, UAW v. Harper & Row Publishers, Inc.,* 576 F.Supp. 1468, 1487 (S.D.N.Y.1983) (state common law causes of action for unjust enrichment, fraud, and conversion preempted).

■ We hold that appellant's state common law causes of action for breach of employment contract and conversion, seeking disability, sick and severance pay, attorney's fees under Tex.Rev.Civ.Stat.Ann. art. 2226,[2] and punitive damages are preempted by 29 U.S.C. § 1144(a), and that the trial court did not err in entering summary judgment on preemption grounds.

Appellant's second point of error is overruled.

Appellant contends, in his third and fourth points of error, that the court erred in entering final summary judgment because there remained causes of action not adjudicated. Specifically, he contends that his pleadings asserted a cause of action for "wilful breach" of his employment contract and "wrongful discharge" from his employment with appellee. We disagree.

■ The "wilful [sic] breach" and wrongful discharge language related solely to appellant's claim for severance pay and other ERISA benefits. Appellant does not seek reinstatement to his former employment position or any other damages associated with a cause of action for wrongful discharge.

Appellant's third and fourth points of error are overruled.

Appellant contends, in his fifth point of error, that the court erred in "dismissing" the preempted causes of action and should have "removed" them to federal court. Appellant never requested that the case be removed to federal district court.

Appellant's fifth point of error is overruled.

The judgment of the trial court is reformed to reflect an interlocutory summary judgment on all state statutory and common law causes of action. As reformed, the cause is remanded to the trial court on the ERISA claim.

2. Ch. 314, sec. 1, 1979 Tex.Gen.Laws 718, *repealed by* ch. 959, sec. 9, 1985 Tex.Gen.Laws 7218.