Pamela Chambers GORMAN, Individually and as Administratrix of the Estate of Dale Owen Gorman, Deceased, and Amanda Marie Gorman, a minor, Appellants,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA and Tenneco, Inc., Appellees.

No. 01–86–00501–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 9, 1988.

Rehearing Denied July 14, 1988.

Clinard J. Hanby, Haynes & Fullenweider, Houston, for appellants.

Arthur Stamm, Baker & Botts, Daniel C. Pappas, Kissner & Pappas, Roger Townsend, Fulbright & Jaworski, Houston, for appellees.

Before DUGGAN, WARREN and LEVY, JJ.

## OPINION ON REHEARING

DUGGAN, Justice.

The opinion issued March 17, 1988 is withdrawn.

After a jury awarded the appellants $1,948,000 plus attorney's fees for breach of contract and tortious actions by the appellees, the trial court entered a take-noth-ing judgment in response to the appellees' motion for judgment n.o.v.

Appellants assert the trial court erred in disregarding the jury's answer to a special issue, in granting the judgment n.o.v., and in excluding certain evidence. Appellees assert in cross-points that ERISA pre-empts appellants' state law claims. Due to the jurisdictional nature of the ERISA pre-emption question, we first consider appel-lees "pre-emption" cross-points.

Appellants, Pamela Chambers Gorman, and Amanda Marie Gorman, the widow and minor daughter of Dale Owen Gorman, de-ceased, were the designated beneficiaries under an insurance policy provided by the deceased's employer, appellee Tenneco, Inc. ("Tenneco"), and its insurer, appellee Life Insurance Company of North America ("LINA").

The insurance policy in question was part of Tenneco's Employee Benefit Welfare Plan ("the Plan"). The Plan was organized pursuant to the authority and the require-ments of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461 (1982).

ERISA is a comprehensive statute de-signed to promote the interests of employ-ees and their beneficiaries in employee ben-efit plans. It sets minimum uniform stan-dards for employee benefit plans and pro-vides for uniform remedies in the enforce-ment of the plans. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).

ERISA explicitly supersedes or "pre-empts" state laws to the extent that they "relate to" employee benefit plans not ex-empt from federal regulation. 29 U.S.C. § 1144 provides in pertinent part:

(a) Except as provided in subsection (b) of this section, the provisions of this sub-chapter and subchapter III of this chap-ter shall supersede any and all State laws insofar as they may now or hereaf-ter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

(c) For purposes of this section: 1) The term "State Law" includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State.

ERISA provides for actions by claimants in § 1132, which states in pertinent part:

(a) A civil action may be brought—

(1) by a participant or beneficiary

(A) for the relief provided for in Subsection (c) of this section, or

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan ...

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan....

State courts and the district courts of the United States have concurrent jurisdiction of ERISA actions asserted by a participant or beneficiary to recover benefits due under the terms of an employee benefit plan, to enforce rights under the terms of a plan, or to clarify rights to future benefits under the terms of a plan. In all other civil actions, the district courts of the United States have exclusive jurisdiction. 29 U.S.C. § 1132(e)(1), (a)(1)(B).

Here, the Plan provided for payment of accidental death benefits to eligible employees killed while traveling on company business. On August 4, 1982, just two months after he was hired, Dale Gorman was killed in an automobile accident while allegedly traveling on company business. Appellants filed a claim with Tenneco for the $250,000 worth of coverage provided under the Plan for his death. Tenneco conducted its own internal investigation of the facts and circumstances surrounding the accident and, in spite of evidence supporting the fact that Dale Gorman was en route on company business, informed both appellants and LINA that there was no evidence to support the contention that Dale Gor-

man was "in travel and sojourn" for Tenneco at the time of his death. LINA accepted Tenneco's determination without conducting its own investigation, and refused payment on the claim. Neither Tenneco nor LINA ever attempted to assist appellants by helping them gather the necessary documentation for the proof of loss.

On June 20, 1983, appellants filed suit against both Tenneco and LINA, pleading causes of action for: 1) breach of contract; 2) common law fraud; 3) breach of fiduciary duty; 4) breach of duty of good faith and fair dealing; 5) negligence; 6) statutory violations under Tex.Ins.Code Ann. art. 21.21 (Vernon Supp.1988); 7) violations of applicable regulatory orders issued by the State Board of Insurance; and 8) deceptive trade practices under the Tex.Bus. & Com.Code Ann. §§ 17.46–17.62 (Vernon Supp.1988).

Appellants requested issues supporting several statutory and common law causes of action, including misrepresentation, fraud, breach of fiduciary duty, and breach of duty of good faith and fair dealing. The jury found, in answer to Special Issue No. 1, that Dale Gorman was in "travel and sojourn" on the business of Tenneco; in answer to Special Issue No. 2, that Tenneco misrepresented material facts; in answer to Special Issue No. 7, that Tenneco breached its fiduciary duty with regard to its handling of the claim under the Plan; and in answer to Special Issue No. 15, that LINA breached its duty of good faith and fair dealing in its handling of the claim under the Plan.

Appellants failed to request an issue asking whether LINA or Tenneco had acted arbitrarily or capriciously in denying benefits under the Plan.

The appellees filed a motion for judgment n.o.v. or, in the alternative, a motion to disregard the jury's findings. The trial court granted the motion to disregard the jury's finding that Dale Gorman was in "travel and sojourn" for Tenneco, and granted the motion for judgment n.o.v. The trial court expressed no opinion on the jury's answers to the remaining issues.

The record reflects that both Tenneco and LINA maintained throughout the proceedings that ERISA pre-empted appellants' state law claims relating to the Plan. LINA filed a motion to strike the claims relating to the Plan. At a pretrial hearing, Tenneco and LINA both argued that appellants' claims were pre-empted by ERISA. The trial court overruled the appellees' motions to strike the claims. Further, Tenneco asserted ERISA pre-emption as a ground in its motion for judgment n.o.v. Both Tenneco and LINA repeatedly asserted ERISA pre-emption in various objections made at trial to the admission of evidence concerning the Plan, and in objections to the charge.

Appellants repeatedly ignored this argument during trial, and denied they were making any claims under the ERISA statute. They pursued and developed this action on the basis of state statutory and common law causes of action. Having raised ERISA at trial, Tenneco and LINA alternatively defended on the merits of appellants' state law claims.

■ Appellants argue that Tenneco and LINA waived ERISA pre-emption by failing to raise it as an affirmative defense. A claim of federal pre-emption is a challenge to the court's subject matter jurisdiction and cannot be waived. *International Longshoremen's Ass'n v. Davis*, 476 U.S. 380, 106 S.Ct. 1904, 90 L.Ed.2d 389 (1986); *Barry v. Dymo Graphic Sys., Inc.*, 394 Mass. 830, 478 N.E.2d 707 (1985).

■ The ERISA pre-emptive provision is to be broadly construed. *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981). The exceptions to pre-emption appear in 29 U.S.C. §§ 1003 and 1144. Neither provision applies to this case.

■ A long line of federal cases has held that claims for ERISA plan benefits and attorney's fees asserted in the form of both state statutory and state common law causes of action are pre-empted by ERISA. The U.S. Supreme Court has recently held in *Pilot Life Ins. Co. v. Dedeaux*, — U.S. ——, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987),

that ERISA pre-empts state common law actions based on the improper handling of a claim for benefits under an employees' group insurance policy. In that case, the employee sued the insurance company on various contract and tort theories under Mississippi law, based on the company's failure to pay benefits. The Supreme Court rejected the employee's argument that state common law bad faith actions against insurers were saved from pre-emption under the "insurance savings clause," 29 U.S.C. § 1144(b)(2)(A), which states that "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance...." The Court held that a common sense view leads to the conclusion that in order to "regulate insurance," a law must not simply have an impact on the insurance industry, but must be specifically directed toward that industry.

In *Pilot Life*, the Court also held that ERISA's civil enforcement provisions were the exclusive vehicle for the prosecution of actions by plan beneficiaries for plan benefits. The Court stated that, "[T]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Pilot Life Ins. Co.*, 107 S.Ct. at 1556.

The Ninth Circuit has repeatedly held that ERISA pre-empts state statutory and common law causes of action. *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091 (9th Cir. 1985) (claims based on breach of implied covenant of good faith and fair dealing); *Blau v. Del Monte Corp.*, 748 F.2d 1348 (9th Cir.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985) (claims based on breach of contract and fraud and deceit); *Winterrowd v. David Freeman & Co.*, 724 F.2d 823 (9th Cir.1984) (claim for punitive damages preempted); *Russell v. Massachusetts Mut. Life Ins. Co.*, 722 F.2d 482 (9th Cir.1983), *rev'd on other grounds*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) (claims based on violation of state laws authorizing causes of action for the

improper handling of claims under benefit plans).

In *Jackson v. Martin Marietta Corp.*, 805 F.2d 1498, 1499 (11th Cir.1986), the court noted that there are few state laws found to be beyond the scope of ERISA's pre-emption provision, 29 U.S.C. §§ 1144(a), (c)(1).

The Fifth Circuit, in *Light v. Blue Cross & Blue Shield*, 790 F.2d 1247 (5th Cir. 1986), has held that actions for bad faith refusal to pay claims, intentional infliction of severe emotional distress, negligent infliction of severe emotional distress, breach of fiduciary duty, and deceit are all pre-empted by ERISA. In that case, the court concluded that there was a direct connection between the state laws and the employee benefit plan. *Id.* at 1249.

This Court has held, in *Sams v. N.L. Indus., Inc.*, 735 S.W.2d 486 (Tex.App.— Houston [1st Dist.] 1987, no writ), that ERISA pre-empts state causes of action for claims for sick and disability pay benefits and for severance pay, as they relate to a benefit plan.

Further, this Court held in *Felts v. Graphic Arts Employee Benefit Trust*, 680 S.W.2d 891 (Tex.App.—Houston [1st Dist.] 1984, no writ), on a claim asserting unfair and deceptive trade practices in violation of the Texas Insurance Code and the Texas Deceptive Trade Practices Act, that a claim for relief governed by ERISA does not constitute an alternative ground for relief, because if ERISA applies, it completely displaces other applicable state laws.

Appellants' state law claims are "related to" the payment of benefits under the Plan and are thus pre-empted by the federal law and governed by the provisions of the ERISA statute. Under 29 U.S.C. §§ 1132(e)(1) and (a)(1)(B), the state district court has jurisdiction to adjudicate only appellants' claim for benefits due under the Plan.

We assume, without deciding, that appellants' pleadings were broad enough to support such an action. *See Gulf, C. & S.F. Ry. Co. v. Bliss*, 368 S.W.2d 594 (Tex. 1963); Tex.R.Civ.P. 45.

To establish a right to benefits under ERISA, the appellant's burden was to prove that the appellees acted arbitrarily or capriciously in denying their claim for benefits. *Denton v. First Nat'l Bank of Waco, Texas*, 765 F.2d 1295, 1303–1304 (5th Cir.1985); *Dennard v. Richards Group, Inc.*, 681 F.2d 306, 313–314 (5th Cir.1982); *Paris v. Profit Sharing Plan for Employees of Howard B. Wolfe, Inc.*, 637 F.2d 357, 362 (5th Cir.1981); *Bayles v. Central States, Southeast and Southwest Areas Pension Fund*, 602 F.2d 97, 99 (5th Cir. 1979).

Appellants did not meet their burden under this standard, as there is no evidence or finding that the appellees acted arbitrarily or capriciously in denying appellants' claim for benefits. *Felts v. Graphic Arts Employee Benefit Trust*, 680 S.W.2d at 894; Tex.R.Civ.P. 279.

Because the court below lacked jurisdiction of appellants' state law claims, the court erred in entering judgment n.o.v. Further, because there was no evidence or finding on the necessary element of the cause of action for ERISA benefits, judgment should have been rendered for appellees on that cause of action.

The judgment n.o.v. is reversed, and judgment is rendered that appellants take nothing from Tenneco, Inc. and LINA. Tex.R.App.P. 81(c).