James C. CATHEY and Bette Cathey, Appellants,

v.

METROPOLITAN LIFE INSURANCE CO., the Dow Chemical Co., and Michael H. Maddolin, Appellees.

No. 01–88–00046–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 22, 1988.

Rehearing Denied Jan. 18, 1989.

James W. Patterson, Patterson & Patterson, Joe K. Longley, Mark L. Kincaid, Longley & Maxwell, Houston, for appellants.

A.J. Harper, II, Katherine D. Hunt, Fulbright & Jaworski, Houston, Ace Pickens, Thomas W. Bullion III, Brown, Maroney, Rose, Barber & Dye, Austin, Alvin Pasternak, Donald J. Harman, James Lenaghan, William Toppeta, New York City, for Metropolitan Life Ins. Co.

Before WARREN, STEPHANOW and SAM BASS, JJ.

## OPINION

SAM BASS, Justice.

James and Bette Cathey appeal from a summary judgment in favor of Metropoli-

tan Life Insurance Co. (Met), Dow Chemical Co. (Dow), and Michael H. Maddolin. The appellants alleged multiple common law and statutory causes of action for: (1) breach of contract under Tex.Ins.Code Ann. art. 3.62 (Vernon 1981); (2) unfair insurance practices in violation of Tex.Ins. Code Ann. art. 21.21, sec. 16 (Vernon 1981); (3) deceptive trade practices, unfair insurance practices, and unconscionable conduct in violation of Tex.Bus. & Com.Code Ann. secs. 17.46(b), and 17.50(a)(1)–(a)(4) (Vernon 1987); as well as (4) breach of the duty of good faith and fair dealing, negligence, and gross negligence. Appellants did not assert any causes of action under the Federal Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1144 (1985).

The trial court found each cause of action was pre-empted by ERISA. Appellants were offered the opportunity to amend their petition to assert a cause of action under ERISA but expressly refused to do so. The court then dismissed the suit.

We affirm.

Appellants seek recovery for wrongful denial of appellant's claim for in-home nursing services by the Dow Company Medical Care Program ("Dow Plan" or "Plan"). Because this is a summary judgment case, the facts shown by the Catheys must be taken as true. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). James Cathey was employed as a purchasing agent for Dow. During Cathey's employment, he was told by Dow representatives that he and his wife were covered by a group insurance plan. In the mid–1970's, Mrs. Cathey acquired multiple sclerosis, and eventually reached a point of disability where she could not walk without assistance. In 1982, Cathey's doctors ordered nursing care for her. These expenses were paid for under the group insurance plan carried by Met covering Dow employees. In 1985, appellee Met, acting as the claims administrator for the Dow Plan, denied certain claims for nursing care expenses under certain provisions of the Plan. Maddolin, a claims consultant for Met, evaluated the claims during his employment with Met. Dow, the Plan administrator, upheld the denial of the claims.

■ ERISA is a pervasive regulatory scheme for "employee benefit plans." The scope of ERISA's pre-emption of state law is delineated in three sections of the statute. The "pre-emption clause" of ERISA, 29 U.S.C. § 1144(a), provides that ERISA supercedes all state laws insofar as they "relate to any employee benefit plan;" however, ERISA's "savings clause," 29 U.S.C. § 1144(b)(2)(A), excepts from the preemption clause any state law that "regulates insurance." ERISA's "deemer clause," 29 U.S.C. § 1144(b)(2)(B), provides that no employee benefit plan shall be deemed to be an insurance company for purposes of any state law "purporting to regulate insurance." In sum, a state law is pre-empted if it "relate[s] to" an employee benefit plan unless it is a state law that "regulates insurance." However, a state cannot "deem" an employee benefit plan to be an insurer in order to regulate the plan under state laws regulating insurance companies.

■ Appellants argue that the preemption provision of ERISA is not applicable because none of the defendants are an "employee benefit plan" and hence, appellants' claims do not "relate to" a "plan." We do not agree. There are three general types of "plans" regulated by ERISA: (1) an employee welfare benefit plan; (2) employee pension benefit plans; and (3) plans that are both an employee welfare benefit plan and an employee pension plan. An "employee welfare benefit plan" provides medical and other benefits in the event of sickness, accident, disability, death or unemployment. An "employee pension benefit plan" provides retirement or deferred income to employees. 29 U.S.C. § 1002(1), (2)(A), (3). The Dow Plan is an ERISA plan. ERISA applies to any employee benefit plan, fund, or program, established or maintained by any employer, to the extent such plan is "maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, medical, surgical, or hospital

care or benefits, or benefits in the event of sickness, accident, disability...." 29 U.S. C. § 1002(1). The Dow Plan is an employee welfare benefit plan since it provides medical benefits and is established and maintained by Dow, an employer engaged in commerce. 29 U.S.C. § 1003(a). Pursuant to the ERISA requirements, Dow is the designated Plan Administrator and a named fiduciary for the Plan. *See* 29 U.S. C. §§ 1002(16)(a) and 1102(a). Dow, as Plan Sponsor, has designated Met as the Plan's claims administrator pursuant to 29 U.S.C. § 1133(2) and the regulations issued thereunder.

■ The phrase "relate to" was given its broad common-sense meaning in *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), such that a state law "relate[s] to" a benefit plan "in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Id.* The appellants' complaint alleges several state common law causes of action: breach of contract, negligence, gross negligence, and breach of the duty of good faith and fair dealing. Appellant asserts statutory causes of action of unfair insurance and deceptive trade practices under the Texas Insurance Code and the Texas Business & Commerce Code. The causes of action asserted in the appellants' complaint, each based on an alleged improper denial of a claim under an employee benefit plan, "relate to" an employee benefit plan and therefore, fall under ERISA's express pre-emption clause. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987). Unless these causes of action fall under an exception in section 1144(b)(2)(A) or (B), they are expressly pre-empted.

It is well-settled that ERISA preempts state common law causes of action relating to an employee benefit plan in favor of the development of federal common law. *See Pilot Life Ins. Co. v. Dedeaux*, 107 S.Ct. 1549; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The Supreme Court gave two reasons for rejecting the argument that the state common law of bad faith was a law

regulating insurance. First, "in order to regulate insurance, a law must not just have an impact on the insurance industry, but be specifically directed toward that industry." *Id.* 107 S.Ct. at 1554. The court found that even though bad faith law is often applied to the insurance industry, "the roots of this law are firmly planted in the general principles of [state] tort and contract law." *Id.* The law applies to any breach of contract, not just breach of an insurance contract. Second, the [state] bad faith law fails to meet the indicia of laws that relate to "the business of insurance" developed under the McCarran–Ferguson Act, 15 U.S.C. § 1011 (1984). Three criteria have been used to determine whether a practice falls under the "business of insurance" for purposes of the McCarran–Ferguson Act:

> First, whether the practice has the effect of transferring or spreading a policyholder's risk; second, whether the practice is an integral part of the policy relationship between the insurer and the insured; and third, whether the practice is limited to entities within the insurance industry. *Union Labor Life Ins. Co. v. Pireno*, 458 U.S. 119, 129, 102 S.Ct. 3002, 3009, 73 L.Ed.2d 647 (1982) (emphasis omitted).

■ The Cathey's complaint, with respect to its common law claims, fails for the same reasons. Their common law claims are not based on laws "specifically directed toward [the insurance] industry." The laws of negligence and breach of contract are applicable to any tort or contract causes of action, not only those directed toward the insurance industry. For the reasons given above, we conclude that appellants' common law claims are not based on laws regulating insurance and, therefore, are pre-empted by ERISA.

This case also presents the question of whether ERISA preempts a claim for damages under the Tex.Ins.Code Ann. art. 3.62, art. 21.21, and the Tex.Bus. & Com.Code Ann. sec. 17.50(a)(4) (DTPA). *Gorman v. Life Ins. Co. of North America*, 752 S.W.2d 710 (Tex.App.—Houston [1st Dist.] 1988, writ requested), is a case similar to the one at issue. The appellants filed suit

against both Tenneco and LINA, pleading common law causes of action for: (1) breach of contract, (2) common law fraud, (3) breach of fiduciary duty, (4) breach of duty of good faith and fair dealing, and (5) negligence. Appellants also pled statutory causes of action for violations under Tex. Ins.Code Ann. art. 21.21 (Vernon Supp. 1988) and deceptive trade practices under the Tex.Bus. & Com.Code Ann. secs. 17.46–17.62 (Vernon Supp.1988). The court recited that the jury found Tenneco misrepresented material facts, breached its fiduciary duty, and breached its duty of good faith and fair dealing. *See Gorman,* 752 S.W.2d at 712. From these findings, however, it is not clear that the jury found a violation of any of the statutes specifically regulating insurance, and the court did not discuss whether the causes of action under the Tex.Ins.Code and the DTPA might be saved by 29 U.S.C. § 1144(b)(2)(A).

■ The Texas Legislature has declared that the purpose of art. 21.21 is "to regulate trade practices in the business of insurance." Tex.Ins.Code Ann. art. 21.-21(1). Thus, art. 21.21 does not "just have an impact on the insurance industry," it is "specifically directed toward that industry." *Pilot Life,* 107 S.Ct. at 1554. Article 21.21 satisfies the U.S. Supreme Court's common-sense test for a law that "regulates insurance." *Id.* Article 21.21 also comes within the definition of a law relating to the "business of insurance" under the McCarran–Ferguson Act. *Union Labor,* 458 U.S. at 129, 102 S.Ct. at 3008. Article 21.21 regulates the terms of certain insurance contracts, and so seems to be saved from pre-emption by the savings clause as a law "which regulates insurance." Nonetheless, the language of the subsequent section of ERISA, the "deemer clause," states that an employee benefit plan shall *not* be deemed to be an insurance company "for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies." 29 U.S.C. § 1144(b)(2)(B). While a bona fide insurance company may not cease to be engaged in the business of insurance when it sells a policy to an employee bene-

fit plan for the benefit of plan participants, *Goodrich v. General Tel. Co.,* 241 Cal. Rptr. 640, 195 Cal.App.3d 675, *review granted,* 242 Cal.Rptr. 732, 746 P.2d 871 (1987), Congress clearly did not intend employee benefit plans to be regulated under state insurance regulation laws. The deemer clause makes explicit Congress' intention to exempt from the savings clause laws regulating insurance that apply directly to benefit plans. *See Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 740–41, 105 S.Ct. 2380, 2389–90, 85 L.Ed.2d 728 (1985). We hold that appellants' cause of action under art. 21.21 of the Texas Insurance Code is not protected under the "savings clause," and is therefore pre-empted by ERISA.

■ Article 3.62 is a penalty provision of the Texas Insurance Code providing remedies for a breach of an insurance contract. Article 3.62 of the Insurance Code is titled "Penalty for Delay in Payment of Losses" and provides:

> In all cases where a loss occurs and the life insurance company, or accident insurance company ... liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve (12%) per cent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss.

Tex.Ins.Code Ann. art. 3.62.

While art. 3.62 may be specifically directed toward the insurance industry, it cannot be said to regulate the substantive terms of insurance contracts; it is therefore pre-empted by ERISA. *See Metropolitan Life* at 742–43, 105 S.Ct. at 2390–91. In *Juckett v. Beecham Home Improvement Prod. Inc.,* 684 F.Supp. 448 (N.D.Tex.1988), an ERISA plan participant sued for medical expense benefits that had been denied by the claims administrator for the plan. The acting chief judge held that, based on *Pilot Life* and *Metropolitan Life,* the statutory cause of action was pre-empted by ERISA.

Furthermore, the Texas Deceptive Trade Practices Act is not a law specifically designed to "regulate insurance," and therefore, causes of action under this provision are not saved from pre-emption. *See Sams v. N.L. Indus. Inc.*, 735 S.W.2d 486 (Tex.App.—Houston [1st Dist.] 1987, no writ); *Giles v. TI Employees Pension Plan*, 715 S.W.2d 58 (Tex.App.—Dallas 1986, no writ); *Felts v. Graphic Arts Employee Benefit Trust*, 680 S.W.2d 891 (Tex. App.—Houston [1st Dist.] 1984, no writ).

Appellants further argue that because the ERISA plan, in this case, is insured, it is subject to indirect regulation under state law citing, *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 747, 105 S.Ct. 2380, 2393, 85 L.Ed.2d 728 (1987). *Metropolitan Life Ins. Co. v. Taylor*, as well as *Gorman*, all involved plans that were *fully insured*. Each decision held that the plaintiffs could not pursue remedies under state law, but were limited to pursuing remedies under ERISA.

Appellants assert that appellees are barred from relying on the ERISA pre-emption as a defense since it was not affirmatively pled. Both Dow and Met pled ERISA pre-emption in their answers. Dow stated that "ERISA preempts all state law claims" in its first amended answer to the appellants' third amended petition. Met, in its first amended answer, stated that all "state law claims of the Plaintiffs predicated upon The Dow Medical Care Program, are pre-empted by Federal Law pursuant to the terms and provisions of the Employee Retirement Income Security Act ('ERISA')." Even if appellees had not raised ERISA pre-emption in their answers, they would be permitted to do so in a motion for summary judgment. This court decided in *Gorman* that the appellees could raise ERISA pre-emption despite "their failure to raise it as an affirmative defense." *Gorman*, 752 S.W.2d at 713. The court noted that "[a] claim of federal pre-emption is a challenge to the court's subject matter jurisdiction and cannot be waived." *Id.; see also International Longshoremen's Ass'n v. Davis*, 476 U.S. 380, 106 S.Ct. 1904, 90 L.Ed.2d 389 (1986);

*Barry v. Dymo Graphic Sys., Inc.*, 394 Mass. 830, 478 N.E.2d 707 (1985).

Appellants' final argument, under its first point of error, concerns the sufficiency of the affidavit of Bollinger as to the funding of the Dow employee benefit plan. Appellants assert that appellees' summary judgment proof was inadequate because the statements in the affidavit were inadmissible because they were conclusory and not founded on personal knowledge. Tex.R.Civ.P. 166a(e) states that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984); Tex.R.Civ.P. 166a(e). Bollinger, the Director of the U.S. Area Benefits Department of Dow, stated that he was speaking from "personal knowledge." The affidavit expressly states that "Dow has at all times material to this suit reimbursed Met for all monies advanced plus an expense charge thereon." The affidavit is sufficient summary judgment evidence. *See, e.g., Marek v. Tomoco Equip. Co.*, 738 S.W.2d 710, 714 (Tex.App.—Houston [14th Dist.] 1987, no writ) (in the absence of "any evidence to the contrary . . .," a statement that the affiant "has personal knowledge of every statement contained in the affidavit . . . is sufficient to satisfy the requirements of Rule 166–A(e)); *Larcon Petroleum, Inc. v. Autotronic Sys. Inc.*, 576 S.W. 2d 873 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ) (affidavit that stated it was made on personal knowledge complied with Rule 166a(e)"). A court will not speculate whether the affiant could establish the facts contained in the affidavit if testifying from the witness stand. *A & S Elec. Contractors, Inc. v. Fischer*, 622 S.W.2d 601, 603 (Tex.Civ.App.—Tyler 1981, no writ). The affidavit will be taken at face value. *Netherland v. Wittner*, 624 S.W.2d 685, 687–88 (Tex.App.—Houston [14th Dist.] 1981, no writ). The decision cited by appellants, *Mercer v. Daoran Corp.*, 676 S.W.2d 580 (Tex.1984), does not support their contention because that case turned on the

application of the best evidence rule, which is inapplicable to the affidavit at hand.

We hold that the appellants' state common law and statutory causes of action are pre-empted by 29 U.S.C. § 1144(a), and that the trial court did not err in entering summary judgment on pre-emption grounds.

Appellants' first point of error is overruled.

Appellants assert, in their second point of error, that the trial court erred in granting summary judgment in favor of Maddolin. Appellee Maddolin reviewed appellants' claims in connection with his role as a consultant and employee of appellee Met. Any actions performed by Maddolin were in the course and scope of his employment for Met.

■ For the reasons stated above, plaintiffs cannot pursue their lawsuit against either Met or Dow. Any claim that they might have against Maddolin is dependent on the viability of their claim against his employer, Met. Since ERISA's pre-emptive effect applies to lawsuits asserted against a claims administrator, such as Met, it also applies to lawsuits against employees or agents of the claims administrator, such as Maddolin. *See, e.g., Belasco v. W.K.P. Wilson & Sons, Inc.*, 833 F.2d 277 (11th Cir.1987) (reach of ERISA pre-emption extends not only to the claims against CIGNA, but to claims against the insurance broker as well); *McMahon v. McDowell*, 794 F.2d 100 (3d Cir.1986), *cert. denied*, 479 U.S. 971, 107 S.Ct. 473, 93 L.Ed.2d 417 (1987) (summary judgment in favor of corporate employer and its individual officers and directors held proper since ERISA preempts plaintiff's common law and statutory claims). Appellants herein assert state law claims against Dow, Met, and its employee Maddolin for Dow benefits. The substance of appellants' state law claims against all appellees, including Maddolin, is the same. These state law claims relate to the Dow Plan, an employee benefit plan. They are, therefore, pre-empted by ERISA, whether they are asserted against Met, against Dow, or against Maddolin. The trial court correctly granted summary judgment in favor of Maddolin.

Appellants' second point of error is overruled.

The judgment is affirmed.