Ben GILES, Appellant,

v.

**TI EMPLOYEES PENSION PLAN, Appellee.**

No. 05–85–00579–CV.

Court of Appeals of Texas, Dallas.

June 12, 1986.

Rehearing Denied July 25, 1986.

Wm. Andress, Jr., Dallas, for appellant.

Charles R. Haworth, Patrick E. Longan, Dallas, for appellee.

Before WHITHAM, GUILLOT and HOWELL, JJ.

HOWELL, Justice.

Ben Giles appeals a trial court order dismissing his suit against the TI Employees Pension Plan. We find no error in the dismissal and affirm the trial court's judgment.

Giles sued Pension Plan alleging that it had misrepresented the amount of a lump sum retirement payment due Giles upon his retirement. Giles further alleged a violation of the Deceptive Trade Practices Act. TEX.BUS. & COM.CODE ANN. §§ 17.41–17.63 (Vernon Supp.1986). The trial court sustained Pension Plan's special exception to the effect that the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. 1001 *et seq.*, preempted the state law claim. Giles refused to replead, and the trial court dismissed the action.

The issue before us is a narrow one. Does ERISA preempt a cause of action for misrepresentation under state law? The inquiry begins with the express preemption provision of ERISA:

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State

laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.

29 U.S.C. 1144(a). The exceptions found in subsection (b) do not apply to this case. Giles's claims are preempted, therefore, to the extent they "relate to" an employee benefit plan.

The Supreme Court interpreted the "relate to" language in *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). The plaintiffs in *Shaw* alleged violations of New York anti-discrimination statutes in connection with Delta's employee benefit plan. The court examined the language of the act and its legislative history and held that ERISA preempted the application of the statutes to the plan. "A law 'relates to' an employee benefit plan in the normal sense of the phrase if it has a connection with or reference to such a plan." *Id.* 103 S.Ct. at 2901. The Court rejected the contention that ERISA preempted only those laws specifically designed to affect employee pension plans. *Id.* at 2900. Thus, it is clear that "relate to" is broad enough in scope to encompass Giles's cause of action.

An application of *Shaw* to the case before us compels the conclusion that the dismissal was correct. Although the common law and statutory provision Giles relied upon are not meant to apply directly to pension plans they are preempted insofar as they "relate" to such plans.

 Courts considering similar cases have consistently referred to the "sweeping" extent of ERISA preemption. *American Progressive Life and Health Insurance Co. of New York v. Corcoran*, 715 F.2d 784, 786 (2nd Cir.1983). Fraud and misrepresentation causes of action, when applied to pension plans, have been held to be barred by ERISA's preemption section. *Kuntz v. Reese*, 760 F.2d 926, 933–934 (9th Cir.1985) (misrepresentation of extent and quality of benefits); *Phillips v. Amoco Oil Co.*, 614 F.Supp. 694, 706–07 (N.D.Ala.1985)

(fraud); *Lucash v. Strick Corp.*, 602 F.Supp. 430, 435–436 (E.D.Pa.1984) (breach of duty of care, fiduciary duty and contractual obligations); *Ogden v. Michigan Bell Telephone Co.*, 571 F.Supp. 520, 521–523 (E.D.Mich.1983) (breach of fiduciary duty, fraud, and misrepresentation). The only case we find that might lend support to appellant is *Ex parte Ward*, 448 So.2d 349, 351 (Ala.1984) (breach of contract claim not preempted). *Ward* is of questionable value because it fails to discuss the Supreme Court's ruling in *Shaw*. In light of *Shaw's* interpretation of the statute and the weight of authority, we conclude that Giles's misrepresentation and Deceptive Trade Practices claims are preempted by ERISA.

 Giles puts forward two arguments to avoid such a result. First, he argues that ERISA cannot apply to his cause of action because his pension rights were vested prior to the Act's effective date. The alleged representations took place well after the effective date. Obviously, Giles had no cause of action until after the representations were made. The ERISA preemption section went into effect on January 1, 1975. It controls all actions related to covered employee benefit plans made after that date.

 Next, Giles argues that to hold that ERISA preempts his state claims effectively deprives him of a forum to redress the wrongs done to him in violation of article I, section thirteen of the Texas Constitution. Whatever the merits of this contention as a proposition of Texas law, it cannot control. ERISA's preemption section is a valid exercise of federal power and overrules any conflicting state law. *Hewlett Packard Co. v. Barnes*, 571 F.2d 502, 504 (9th Cir. 1978). Giles's points of error one and two are overruled.

The judgment is affirmed.