**Ed WORTHINGTON, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Defendant.**

Civ. A. No. H–86–2500.

United States District Court,
S.D. Texas,
Houston Division.

June 18, 1987.

Gary B. Pitts, Pitts & Collard, Houston, Tex., for plaintiff.

Douglas Clark, Houston, Tex., for defendant.

## ORDER

NORMAN W. BLACK, District Judge.

Plaintiff has filed a motion for summary judgment predicated solely on Texas law. Since this Court finds that the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1001 *et seq.*, pre-empts Plaintiff's state law claims, Plaintiff's motion for summary judgment is DENIED.

Defendant has filed a motion for summary judgment based upon federal pre-emption. The motion is GRANTED in part and DENIED in part. For the reasons stated below, the Court finds that as a matter of law ERISA controls disposition of this case. However, based on the summary judgment evidence currently before the Court, the Court cannot grant summary judgment based on ERISA. Plaintiffs may reurge their motion for summary judgment based on ERISA for compensatory damages. Plaintiff should supply affidavits or other summary judgment material to support their claim for $8,105.28.

### I. Pre-emption.

In April 1984, Plaintiff, Ed Worthington, was admitted to Brookwood Recovery Center in Katy, Texas seeking treatment for chemical dependency. He was confined and treated in that hospital for approximately 43 days. During that time, he was an employee of Oklahoma Publishing Company and by virtue of his status as an employee he was entitled to benefits under the Oklahoma Publishing Company Life and Health Care Benefits Program ("Oklahoma Plan"). The Oklahoma Plan is an employee benefit plan which is self-funded by the Oklahoma Publishing Company and is administered by Defendant Metropolitan Life Insurance Company. *See* affidavit of Glenellen Campbell. Plaintiff claims that his chemical dependency treatment is eligible for reimbursement under the Oklahoma Plan. Defendant has denied coverage.

In March 1986, Plaintiff brought suit against Metropolitan Life in the 11th Judicial District Court of Harris County, Texas. The case was then properly removed by Defendant to this Court based on diversity. Plaintiff has not asserted any of the several causes of action available to him under ERISA. Rather, Plaintiff bases his claims on Texas law.

■ ERISA pre-empts Worthington's claims. In *Pilot Life Insurance Company*

*v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (April 6, 1987), the United States Supreme Court held that ERISA pre-empts a suit under state law for alleged improper processing of a claim for benefits under an ERISA-regulated benefit plan. *Pilot Life* was a diversity action where Plaintiff only alleged cause of action under Mississippi common law. Nevertheless, the Supreme Court found that Congress clearly expressed through the structure and legislative history of the substantive provisions of ERISA an intention that the federal remedy displaces state common law causes of action. Following the Supreme Court's directions in *Pilot Life,* this Court finds ERISA controls Plaintiff's cause of action.

Plaintiff has alleged a cause of action under Article 21.21 of the Texas Insurance Code. He claims that under Article 3.51–9 of the Insurance Code the Brookwood Recovery Center is a legally constituted hospital and, therefore, Plaintiff is entitled to reimbursement for expenses incurred during his admission to that institution. However, for the reasons stated below, the Court finds that Plaintiff's state law claims falling under the ERISA pre-emption clause are not rescued by the "savings clause."

Section 514(b)(2)(A) of ERISA (the "savings clause") saves certain state laws that regulate insurance, banking, and securities from general pre-emption by ERISA. That section states, "... [N]othing in this title shall be construed to exempt or relieve any person from any law of any state which regulates insurance...." 29 U.S.C. 1144(b)(2)(A). Section 514(b)(2)(B) of ERISA ("deemer clause") restricts the area retained by the "savings clause" by stating that employee benefit plans may *not* be deemed to be engaged in the business of insurance. That section states in pertinent part that

[A]n employee benefit plan ... shall [not] be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any

State purporting to regulate insurance companies, insurance contracts,...." 29 U.S.C. § 1144(b)(2)(B).

A self-funded employee benefit plan such as the Oklahoma Plan falls within the language of the "deemer clause" and is an uninsured plan which may not be regulated by state insurance laws. *Powell v. Chesapeake and Potomac Telephone Co.*, 780 F.2d 419 (4th Cir.1985), *cert. denied*, 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 980 (1986); *see also Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 2393, 85 L.Ed.2d 728 (1985). It is uncontroverted in this case that Metropolitan Life Insurance Company acts only as the plan administrator. The primary features of an insurance contract are the spreading and underwriting of a policy holder's risk. *See Group Life and Health Insurance Co. v. Royal Drug Co.*, 440 U.S. 205, 211, 99 S.Ct. 1067, 1073, 59 L.Ed.2d 261 (1979). When in its role as a plan administrator, an insurance company neither spreads nor underwrites insurance risk, there is no insurance policy or contract. *Powell*, 780 F.2d at 423. Therefore, Metropolitan is not, for the purposes of the "savings clause", in the business of insurance. *Id.* For these reasons, the Court concludes that the "savings clause" does not rescue Worthington's state law cause of action. *See Pilot Life*, 481 U.S. at ——, 107 S.Ct. at 1552—55.

The Court also notes that under Texas law a cause of action based upon a violation of the Texas Deceptive Trade Practices Act is pre-empted by ERISA. *Giles v. TI Employees Pension Plan*, 715 S.W.2d 58 (Tex.App.—Dallas, 1986 writ ref'd n.r.e.). Plaintiff has asserted a cause of action for breach of Article 21.21 of the Texas Insurance Code claiming misrepresentation or deception concerning the extension of coverage provisions of the Oklahoma Plan. *Giles* holds that ERISA pre-empts a state law cause of action for misrepresentation. Therefore, by analogy, under Texas law, ERISA may control the disposition of this case.

For the reasons stated above, the Court grants Defendant's motion for summary judgment regarding pre-emption. The Court holds that Plaintiff's cause of action must be controlled by ERISA.

## II. Causes of action under ERISA.

In part I of this opinion, *supra*, the Court concluded that ERISA must control the disposition of this case. Under the civil enforcement provisions of ERISA, a plan participant may sue to recover benefits due under the plan. ERISA § 502(a), 29 U.S.C. § 1132(a). Relief may take the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's improper refusal to pay benefits. *See Pilot Life*, 481 U.S. at ——, 107 S.Ct. at 1555–57. However, a cause of action may not be brought for the award of punitive damages to a beneficiary. *Id.*, quoting, *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 147, 105 S.Ct. 3085, 3092–93, 87 L.Ed.2d 96 (1985).

Plaintiff's original complaint appears to state facts that might support a cause of action under ERISA. Therefore, the Court declines to grant Defendant's motion for summary judgment in so far as it would constitute a dismissal of this action on the merits. Rather, Plaintiff and Defendant may reurge their cross-motions for summary judgment based on ERISA.

Docket call in this action originally scheduled for May 11, 1987 is hereby postponed until June 29, 1987. Counsel shall appear at that time and be prepared to receive a firm trial date. The joint pretrial order shall be filed by June 22, 1987. Motions shall be filed by June 1, 1987.

IT IS SO ORDERED.