Nancy WADDELL and Nancy Waddell in the interest of Heather Waddell, Appellant,

v.

KAISER FOUNDATION HEALTH PLAN OF TEXAS, Appellee.

No. 05–92–02714–CV.

Court of Appeals of Texas, Dallas.

Jan. 20, 1994.

Rehearing Denied Jan. 20, 1994.

Michael Sloan, McKinney, for appellant.

R. Michael McCauley, Julia F. Pendery, Dallas, for appellee.

Before McGARRY, C.J., and BAKER and ROSENBERG, JJ.

## OPINION

ROSENBERG, Justice.

Nancy Waddell appeals the trial court's summary judgment granted to Kaiser Foundation Health Plan of Texas (Kaiser). This suit arises from an insurance coverage dispute concerning Kaiser's refusal to provide in-patient hospitalization benefits to Waddell's daughter. Waddell, in two points of error, contends that summary judgment in favor of Kaiser was improper. We overrule Waddell's points of error. We affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL HISTORY

J.C. Penney Life Insurance Company maintained a plan to provide medical and dental benefits to its employees and their dependents. J.C. Penney's employees enrolled in either a medical indemnity benefit plan or a health maintenance organization (HMO) for medical benefits. Waddell, an employee of J.C. Penney and a member of the Kaiser HMO, sought mental-health hospitalization benefits for her daughter, Heather. Heather was admitted to the hospital for psychiatric care. After nine days of in-patient hospitalization, a Kaiser representative informed Heather's primary care physician

that Heather no longer met the eligibility conditions for in-patient psychiatric care under the Kaiser HMO plan. Subsequently, Heather was released from the hospital. Kaiser provided Heather with out-patient psychiatric care.

Waddell sued Kaiser for denying hospitalization benefits to Heather. In her original petition, Waddell sued Kaiser for breach of contract, negligence, gross negligence, violations of the insurance code, violations of the deceptive trade practices act, breach of the implied duty of good faith and fair dealing, and negligent and intentional infliction of emotional distress. In her second amended original petition, Waddell brought a declaratory judgment action and alleged further acts constituting breach of contract.

Kaiser moved for summary judgment based on the preemption provisions of the Employee Retirement Income Security Act of 1974 (ERISA). Kaiser asserted that it was an "employee welfare benefit plan" entitled to the protections of ERISA, including federal preemption of Waddell's state-law claims. The trial court granted a partial summary judgment, dismissing Waddell's state-law causes of action for negligence, gross negligence, violations of the insurance code, violations of the deceptive trade practices act, breach of the duty of good faith and fair dealing, and negligent and intentional infliction of emotional distress.

The trial court interpreted Waddell's breach of contract claim and declaratory judgment action as possible civil actions under the ERISA civil enforcement provisions. Waddell prayed for actual damages, exemplary damages, pre- and postjudgment interests, court costs, and attorney's fees. Kaiser filed a second motion for complete summary judgment, asserting that Waddell did not pray for recoverable damages under ERISA. The trial court granted complete summary judgment to Kaiser.

## SUMMARY JUDGMENT

A trial court may render summary judgment only if the pleadings, depositions, admissions, and affidavits show that no genuine issue exists regarding any material fact and that the movant is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c); *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 23 (Tex.1990). Summary judgment is designed to eliminate unmerited claims or untenable defenses; it is not intended to deprive litigants of their right to a full hearing on fact issues. *Compton v. Calabria*, 811 S.W.2d 945, 949 (Tex.App.–Dallas 1991, no writ) (citing *Gulbenkian v. Penn*, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952)).

The specific grounds for summary judgment must be expressly presented in the summary judgment motion itself. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993). When the trial court's order granting summary judgment does not specify the grounds upon which it rests, this Court may affirm the trial court's judgment if any of the grounds raised in the movant's motion are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989); *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex. 1988).

In reviewing the summary judgment evidence, we apply the following standards:

1. The movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant is taken as true; and

3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

Summary judgment for a defendant is proper when the summary judgment evidence negates an essential element of the plaintiff's cause of action as a matter of law or establishes all elements of an affirmative defense as a matter of law. *See Black*, 797 S.W.2d at 27. Kaiser pleaded ERISA preemption as an affirmative defense. Thus, by first moving for summary judgment on the basis of an affirmative defense, Kaiser assumed the burden of showing as a matter of law that Waddell's claims were barred by

ERISA preemption. *See Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983). In its second motion for summary judgment, Kaiser sought to negate the essential element of damages. A summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, the plaintiff could not succeed upon any of the theories pleaded. *See Delgado,* 656 S.W.2d at 429.

## FEDERAL PREEMPTION

In point of error one, Waddell contends that the trial court erred in granting partial summary judgment to Kaiser. Waddell asserts that Kaiser did not establish that its HMO plan qualified as an "employee welfare benefit plan" under ERISA.

■ ERISA applies to any employee benefit plan established by an employer engaged in commerce. 29 U.S.C.A. § 1003(a) (West 1985). ERISA preempts all state-law claims which relate to an employee welfare benefit plan. 29 U.S.C.A. § 1144(a) (West 1985); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987). Further, any cause of action which arises out of a wrongful denial of benefits "relates to" the employee welfare benefit plan. *Pilot Life,* 481 U.S. at 48, 107 S.Ct. at 1553. ERISA preempts virtually all state-law claims. *See First Nat'l Life Ins. v. Sunshine–Jr. Food Stores,* 960 F.2d 1546, 1549–50 (11th Cir.1992) (ERISA preempts breach of contract, misrepresentation, breach of duty of due care and good faith, willful and wanton conduct, failure to disclose material facts), *cert. denied,* —— U.S. ——, 113 S.Ct. 1045, 122 L.Ed.2d 354 (1993); *Gorman v. Life Ins. Co. of N. Am.,* 811 S.W.2d 542, 548–49 (Tex.) (ERISA preempts claims for insurance code violations, mental anguish, and exemplary damages), *cert. denied,* —— U.S. ——, 112 S.Ct. 88, 116 L.Ed.2d 60 (1991); *Cathey v. Metropolitan Life Ins. Co.,* 805 S.W.2d 387, 390–91 (Tex.1991) (ERISA preempts deceptive trade practices claims), *cert. denied,* —— U.S. ——, 111 S.Ct. 2855, 115 L.Ed.2d 1023 (1991)).

■ Waddell does not challenge the trial court's determination that her claims for negligence, gross negligence, violations of the insurance code, violations of the deceptive trade practices act, breach of the duty of good faith and fair dealing, and negligent and intentional infliction of emotional distress arise out of the denial of medical benefits to her daughter, Heather. Waddell does contend, however, that her emotional distress claim[1] against Kaiser is brought in her individual capacity as Heather's mother, not as a plan participant or beneficiary. Waddell, nevertheless, is a member of Kaiser's HMO plan and is the sole party responsible for the cost of Heather's healthcare. Therefore, she sued for emotional distress as a plan participant and beneficiary.

■ Because Waddell is a plan participant and each of her state-law claims arises out of the denial of medical benefits to Heather, Waddell's causes of action "relate to" the Kaiser HMO plan. If the plan is an ERISA employee welfare benefit plan, then the Kaiser HMO plan is entitled to the protections of ERISA, including federal preemption of state-law claims. Consequently, the determinative issue is whether Kaiser's HMO plan is part of an employee welfare benefit plan.

Waddell argues that to be an ERISA plan, the plan must meet a multitude of requirements outlined in several sections of the ERISA statute. Waddell complains that Kaiser is not entitled to federal protection because (1) Kaiser did not comply with the claims procedure prescribed by ERISA; (2) Heather's doctors were not "fiduciaries" under the HMO plan; and (3) Kaiser was not listed as the "Plan Administrator." Kaiser responds that the HMO plan constitutes an "employee welfare benefit plan."

■ We begin with the ERISA statute itself. Section 3(1) of ERISA, the definitional section, describes an "employee welfare benefit plan" as

---

1. Texas law recognizes a claim for intentional infliction of emotional distress. *See Twyman v. Twyman,* 855 S.W.2d 619, 621 (Tex.1993). Texas law, however, does not recognize an independent cause of action for negligent infliction of emotional distress. *Boyles v. Kerr,* 855 S.W.2d 593, 595–96 (Tex.1993).

any plan, fund, or program ... maintained by an employer or by an employee organization ... for the purpose of providing its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits....

29 U.S.C.A. § 1002(1) (West Supp.1993). If from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits, an ERISA employee welfare benefit plan is established. *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 240 (5th Cir.1990); *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir.1982) (en banc). Waddell cites no authority, nor do we find any, for the proposition that an employer-provided HMO plan must meet any criteria other than the requirements found in the express statutory definition of section 1002(1) of Title 29 of the United States Code in order to be considered an employee welfare benefit plan.

J.C. Penney established a plan to provide medical benefits to its employees and their dependents through a medical indemnity plan or a health maintenance organization. J.C. Penney paid a portion of the costs for its employees and their dependents to participate in either plan. J.C. Penney provided a pamphlet to its employees regarding benefits and the procedures to obtain them.

Waddell, a J.C. Penney employee, became a member of the Kaiser health maintenance organization. Waddell and J.C. Penney each paid a portion of Kaiser's premiums. Waddell understood the benefits available under the plan and sought mental-health hospitalization benefits for her daughter, Heather. The record shows that, under the facts of this case, the Kaiser HMO plan is an employee welfare benefit plan under ERISA. *See Memorial Hosp. Sys.*, 904 F.2d at 240–41. Therefore, the trial court did not err in dismissing Waddell's state-law causes of action for negligence, gross negligence, violations of the insurance code, violations of the deceptive trade practices act, breach of the duty of good faith and fair dealing, and negligent and intentional infliction of emotional distress. *See* 29 U.S.C.A. § 1144(a) (West 1985).

Because there are no genuine issues of material fact and the trial court correctly applied the law to the facts, we overrule point of error one.

## RECOVERABLE DAMAGES UNDER ERISA

In point of error two, Waddell contends that the trial court erred in granting Kaiser's motion for complete summary judgment. Waddell argues that she has a valid breach of contract claim for "benefits due" under the terms of the plan. Waddell urges that her prayer for actual damages should have been considered equivalent to "benefits due" and thus recoverable under ERISA. Waddell further argues that the trial court erred in not considering her declaratory judgment action, in which she sought a declaration of rights to benefits, attorney's fees, and prejudgment interest. Kaiser asserts that Waddell did not pray for recoverable damages under ERISA; therefore, the trial court had no legal authority to grant Waddell's relief.

We interpret Waddell's suit for breach of contract and declaratory judgment as a suit for (1) benefits due under the plan and (2) a declaration of rights to benefits under the plan. We consider whether Kaiser sufficiently negated Waddell's claim for "accrued benefits" and right to benefits under the plan.

■ A participant or beneficiary in an ERISA plan may bring a civil action under federal law, even though the suit is characterized as a state-law breach of contract claim. *Gorman*, 811 S.W.2d at 547–48. ERISA, however, does not allow damages for a breach of the plan, as would be available in a legal action for breach of contract. *Novak v. Andersen Corp.*, 962 F.2d 757, 760 (8th Cir.1992)). Compensatory or exemplary damages, or damages that would give the beneficiary more than what she would be entitled to receive under the strict terms of the plan, are prohibited under ERISA. Congress did not intend to authorize any relief except for enforcement of the plan itself. *Metropolitan Life Ins. Co. v. Taylor*, 481

347

U.S. 58, 62–63, 107 S.Ct. 1542, 1545–46, 95 L.Ed.2d 55 (1987). A participant or beneficiary in an ERISA plan may sue:

> To recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C.A. § 1132(a)(1)(B) (West 1985). Consequently, the only relief recoverable under ERISA is (1) accrued benefits, (2) a declaratory judgment on entitlement to benefits under the plan, or (3) an injunction against improper refusal to pay future benefits.[2] *See Worthington v. Metropolitan Life Ins. Co.,* 688 F.Supp. 298, 300 (S.D.Tex.1987).

■ Waddell pleaded for actual damages in the form of a monetary payment for breach of contract. Kaiser presented summary judgment evidence that Waddell did not incur any expenses involved in providing Heather the medical care denied by Kaiser. Waddell did not controvert Kaiser's summary judgment evidence. Payment of the cost of hospitalization, when hospital costs are not incurred, represents extra-contractual damages, damages that would give the beneficiary more than she would be entitled to receive under the strict terms of the plan. The trial court is not authorized to grant any relief except for enforcement of the plan itself. *Taylor,* 481 U.S. at 62–63, 107 S.Ct. at 1545–46. Therefore, Kaiser's summary judgment evidence negates the issue of damages or "benefits due." *See Delgado,* 656 S.W.2d at 429.

■ Although Waddell asked the trial court to declare her rights and the parties' status to the insurance contract, she did not pray for benefits under the plan or seek hospitalization for her daughter. Kaiser presented uncontroverted summary judgment evidence that Heather would not accept further hospitalization and that hospitalization, at the present time, would not benefit Heather. Absent evidence that Heather needed benefits under the plan, a declaration of rights is unnecessary. A plaintiff may not seek declaratory relief simply to pave the way to recover costs and attorney's fees.

*Hartford Casualty Ins. Co. v. Budget Rent–A–Car Sys., Inc.,* 796 S.W.2d 763, 772 (Tex. App.—Dallas 1990, writ denied). The trial court did not err in granting Kaiser summary judgment. We overrule point of error two.

We affirm the trial court's judgment.

---

**2.** Waddell did not request the third type of relief available under ERISA: an injunction against the plan administrator's improper refusal to pay benefits in the future.